UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>STEVEN A. NELSON,<br><br>　　　　　　Defendant. | CR. 13-40033-01-KES<br><br>ORDER DENYING MOTIONS FOR ACQUITTAL AND DENYING MOTION TO STRIKE |
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>THEODORE JOHN NELSON, JR.,<br>a/k/a Ted Nelson,<br><br>　　　　　　Defendant. | CR. 13-40034-01-KES<br><br>ORDER DENYING MOTION TO QUASH INDICTMENTS |
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>THEODORE JOHN NELSON, JR.,<br>a/k/a Ted Nelson, and<br>STEVEN A. NELSON,<br><br>　　　　　　Defendants. | CR. 13-40073-KES<br><br>ORDER DENYING MOTIONS FOR ACQUITTAL, DENYING MOTION TO STRIKE, AND DENYING MOTION TO QUASH INDICTMENTS |

Pending are a motion for judgment of acquittal filed by counsel for

defendant Steven A. Nelson, a motion for judgment of acquittal filed by Steven

Nelson pro se, a motion to strike filed by the United States, and a motion to quash indictments filed by defendant Theodore John Nelson Jr., a/k/a Ted Nelson, pro se. For the following reasons, the motions for acquittal are denied, the motion to strike is denied, and the motion to quash indictments is denied.

## BACKGROUND

Theodore Nelson and Steven Nelson were convicted by a jury of conspiring to defraud the United States, multiple counts of failure to file an income tax return, and one count each of impeding the Internal Revenue Service.[1] Subsequently, counsel for Steven Nelson filed a renewed motion for judgment of acquittal under Rule 29(c). 13-CR-40033 Docket 95; 13-CR-40073 Docket 137. Following that submission, Steven Nelson filed a motion for new counsel and a pro se Rule 29(c) motion. 13-CR-40033 Docket 96 (motion for new counsel); 13-CR-40073 Docket 138 (motion for new counsel); 13-CR-40033 Docket 97 (pro se Rule 29(c) motion); 13-CR-40073 Docket 139 (pro se Rule 29(c) motion). The United States moved to strike Steven Nelson's pro se filing. 13-CR-40033 Docket 100; 13-CR-40073 Docket 142. The court held a hearing on June 8, 2015, after which the court allowed counsel for Steven Nelson to withdraw and appointed new counsel. On June 25, 2015, Theodore Nelson filed on his own behalf a "PETITION (MOTION) TO QUASH

---

[1] The charges against Steven Nelson and Theodore Nelson were brought in three separate criminal cases: 4:13-CR-40033-01-KES (single count against Steven); 4:13-CR-40034-01-KES (single count against Theodore); and 4:13-CR-40073-KES (multiple counts against both Steven and Theodore). Thus, citations to the record in this order will include the appropriate case number followed by the docket number and page number, if applicable.

INDICTMENTS/JURY VERDICT NOT WITH STANDING [sic] (Habeas Corpus)." 13-CR-40034 Docket 81; 13-CR-40073 Docket 155.

## DISCUSSION

I. **Motions for Acquittal**

Federal Rule of Criminal Procedure 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The court "views the entire record in the light most favorable to the government, resolves all evidentiary conflicts accordingly, and accepts all reasonable inferences supporting the jury's verdict." *United States v. Boesen*, 491 F.3d 852, 856 (8th Cir. 2007) (citing *United States v. Water*, 413 F.3d 812, 816 (8th Cir. 2005)) " 'A motion for judgment of acquittal should be granted only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt.' " *Id.* at 855 (quoting *United States v. Cacioppo*, 460 F.3d 1012, 1021 (8th Cir. 2006)).

    A. **First Motion**

        1. **Conspiracy Count**

Steven Nelson contends the court should enter a judgment of acquittal on the charge of conspiracy to defraud the United States because the prosecution failed to prove each element beyond a reasonable doubt. Specifically, Steven Nelson argues that "many, if not all of the trusts and entities were created over the many years by John Sheridan for estate planning purposes and other business activities." 13-40033 Docket 95 at 2; 13-40073

Docket 137 at 2. Thus, Steven Nelson believes the prosecution failed to establish that there was an agreement to defraud the United States, that he knew the purpose of the agreement, or that he voluntarily and intentionally joined the agreement.

At the close of the evidence, the court instructed the jury that to establish Steven Nelson's guilt on the conspiracy offense, the government must prove the following elements beyond a reasonable doubt:

> One, beginning on or about January 31, 1992, until and continuing to [April 8, 2015], two or more people reached an agreement or came to an understanding to commit the crime of defrauding the United States by impeding, impairing, obstructing, or defeating the lawful governmental functions of the Internal Revenue Service in the ascertainment, computation, assessment, or collection of income taxes;
>
> . . .
>
> Two, that the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;
>
> . . .
>
> Three, that at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding;
>
> . . .

> And four, while the agreement was in effect, a person or persons who had joined in the agreement[2] knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement.

13-40073 Docket 125 at 10-12 (italics omitted).

At trial, the prosecution introduced testimony from Griff Anderson, a revenue agent, that Steven Nelson submitted frivolous filings and refused to cooperate with the IRS. Lynn Brueske, the Sanborn County Register of Deeds, testified that both Nelsons would come to her office with John Sheridan to record documents and that Steven Nelson filed a Declaration of Independence by Political Choice on May 29, 2008. Leslie Anderson, an IRS criminal investigator and case agent on this case, testified to numerous land transactions involving 39 Nelson-related entities. The prosecution introduced bank documents, some signed by Steven Nelson, containing multiple misrepresentations, including use of false taxpayer identification numbers, use of another person's taxpayer identification number, use of false employer identification numbers, or false statements that entities were tax exempt under IRS regulations. The prosecution also introduced minutes from meetings at which Steven and Theodore Nelson were both present and in which Steven and Theodore Nelson created the trusts at issue and named Sheridan as trustee.

---

[2] Steven Nelson argues that he personally committed no overt act in furtherance of the conspiracy. 13-40033 Docket 95 at 3; 13-40073 Docket 137 at 3. The prosecution was not required to prove that Steven Nelson himself committed any overt act as long as it proved a coconspirator committed at least one such act. Nonetheless, the prosecution introduced evidence that Steven Nelson personally opened numerous bank accounts for the sham trusts using false taxpayer identification numbers. If the jury believed Steven Nelson knowingly and voluntarily joined in the conspiracy, those acts would be sufficient to satisfy the overt act element.

Victoria O'Brien, another IRS agent, testified that Steven Nelson filed no tax returns from 1997 to 2014. Many of the Nelson entities either never filed tax returns or stopped filing by 1999 at the latest. O'Brien also testified about the frivolous filings received from Steven Nelson.

In addition to testimony from the IRS, the prosecution called numerous witnesses who had business dealings with Steven Nelson, Theodore Nelson, or both. The testimony from those witnesses reflected the income earned by the Nelsons and the fact that the Nelsons, including Steven Nelson, directed that income into various trust entities. Angela Richmond, Steven Nelson's ex-wife, also testified that Steven Nelson used the trust accounts to pay household bills and other personal expenses. Richmond testified that she found blank checks in the name of one of the trusts signed by Sheridan as trustee in Steven Nelson's possession and that Steven Nelson would regularly meet with Sheridan and Theodore Nelson to discuss the management of the various entities they created. Richmond stated that when she confronted Steven Nelson about filing their income tax return, he told her to file the way they do, which is not at all.

After reviewing the evidence submitted at trial in the light most favorable to the verdict, drawing all reasonable inferences in favor of the verdict, and resolving evidentiary conflicts in favor of the verdict, it is clear that a reasonable jury could have found Steven Nelson guilty on the charged conspiracy offense beyond a reasonable doubt. The evidence introduced at trial showed an agreement between Steven Nelson, Theodore Nelson, and John

Sheridan to avoid paying federal income taxes. The evidence also showed that Steven Nelson voluntarily, intentionally, and knowingly participated to an extensive degree in creating the trusts and entities used in the conspiracy and actively funneled personal and business income into the entities to hide that income from the IRS. Steven Nelson and others also committed numerous overt acts to advance the conspiracy. Thus, Steven Nelson's motion for a judgment of acquittal on the conspiracy charge is denied.

### 2. Failure to File Counts

Steven Nelson argues that the court should enter a judgment of acquittal on the counts charging him with failure to file an income tax return because the evidence establishes his good faith defense. 13-40033 Docket 95 at 3-5; 13-40073 Docket 137 at 3-5. After the close of the evidence, the court instructed the jury that to find Steven Nelson guilty of willfully failing to file a tax return in each year charged, the prosecution must prove beyond a reasonable doubt that Steven Nelson was required to file a federal income tax return for that year, that Steven Nelson knew he was required to file such a tax return, and that Steven Nelson willfully failed to file the required tax return on or before the time required by law. 13-40033 Docket 85 at 4-7; 13-40073 Docket 125 at 4-7. The court also instructed the jury on Steven Nelson's good faith defense. 13-40033 Docket 85 at 8; 13-40073 Docket 125 at 8.

To establish his good faith defense, Steven Nelson relies on Richmond's testimony that Steven Nelson told her he did not file taxes because taxes are

voluntary and the Constitution does not require payment of taxes. Steven Nelson also relies on an email sent by him to Richmond that states:

> You are brain washed if you think I am guilty and the the [sic] American public is required to pay an income tax. I thought you studied law and work for a law firm, you should look into the tax law. There is no law that says it is mandatory to pay the federal income tax. Start with Tommy Cryer, Louisiana, 2006.

Ex. 65.

"[W]illfulness . . . simply means a voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 201 (1991) (internal quotations omitted). The defense of good faith negates a finding of willfulness and encompasses situations where a taxpayer is confused by the complexity of the tax code, makes an honest mistake while trying to comply with the law, or honestly believes he has no legal duty to pay a tax. *Id.* at 201-05. Importantly, the Supreme Court has distinguished a good faith belief from instances where a defendant refuses to pay taxes based on a claimed belief that tax laws are unconstitutional. *Id.* at 205 ("Claims that some of the provisions of the tax code are unconstitutional are submissions of a different order. They do not arise from innocent mistakes caused by the complexity of the Internal Revenue Code. Rather, they reveal full knowledge of the provisions at issue and a studied conclusion, however wrong, that those provisions are invalid and unenforceable.").

Ample evidence introduced in this case supports the jury's finding that Steven Nelson did not act in good faith and instead willfully failed to pay income tax. The testimony revealed a complex network of property transactions

and financial arrangements designed to hide income, indicating knowledge of the tax code and intent to circumvent it. *See United States v. Brooks*, 174 F.3d 950, 955 (8th Cir. 1999) (holding that evidence showing a defendant tried to "dissociate himself from his property and income" through property transactions, various trusts, and fraudulent bank records is "indicative of willfulness"). The fact that Steven Nelson filled out numerous bank cards containing false information, alone, would be enough for a jury to find that Steven Nelson did not act in good faith. *See United States v. Renner*, 648 F.3d 680, 688-89 (8th Cir. 2011) (reviewing evidence that Renner knew his returns were inaccurate and concluding on that basis alone that "[t]he jury was also entitled to reject Renner's good-faith defense"). Exhibit 65, the email Steven Nelson claims shows his good faith belief, actually shows the type of deliberate disobedience the Supreme Court distinguished from good faith in *Cheek*. *See Cheek*, 498 U.S. at 205.

The jury was properly instructed on the issue of good faith and came to a reasonable conclusion supported by the evidence in this case, and the court will not disturb that conclusion. *See Renner*, 648 F.3d at 689 ("We decline to invade this realm of fact-finding left to the jury."); *see also Cheek*, 498 U.S. at 203 ("Knowledge and belief are characteristically questions for the factfinder, in this case the jury."). Steven Nelson's motion for a judgment of acquittal on the counts charging failure to file an income tax return is denied.

### 3.     Impeding the Internal Revenue Service Count

Finally, Steven Nelson argues that the court should enter a judgment of acquittal on the charge of impeding the Internal Revenue Service because "although the filings were voluminous and were considered frivolous, the documents did have questions which one could argue were legitimate and the trusts and business entities did have legitimacy on their own." 13-40033 Docket 95 at 6; 13-40073 Docket 137 at 6. At the close of the evidence, the court instructed the jury that to establish Steven Nelson's guilt, the prosecution must prove beyond a reasonable doubt that Steven Nelson (1) in any way corruptly (2) endeavored to (3) obstruct or impede the due administration of the Internal Revenue Code. 13-40033 Docket 85 at 15; 13-40073 Docket 125 at 15. Steven Nelson contends that because the filings may have contained some arguably legitimate questions, the prosecution did not establish that he acted corruptly.

The Eighth Circuit has defined "corruptly" as "an effort to secure an unlawful advantage or benefit, and, in particular, to secure a financial gain."[3] *United States v. Yagow*, 953 F.2d 423, 427 (8th Cir. 1992) (internal quotations omitted). The government's case centered on three sets of frivolous materials

---

[3] In *Yagow*, the Eighth Circuit suggested that the term "corruptly" may have a broader meaning than securing an unlawful financial advantage as held by the Fifth Circuit, but did not reach that question because there was ample evidence that Yagow acted with the motive of securing financial gain. *Yagow*, 953 F.2d at 427 (discussing *United States v. Reeves*, 752 F.2d 995 (5th Cir. 1985)). In a later case, the Eighth Circuit stated, "[t]his court has defined 'corruptly,' in part, as 'an effort to secure an unlawful advantage or benefit, and, in particular, to secure a financial gain.' " *United States v. Dykstra*, 991 F.2d 450, 453 (8th Cir. 1993) (quoting *Yagow*, 953 F.2d at 427).

Steven Nelson provided to the IRS. With respect to the first set of frivolous material, Griff Anderson testified to voluminous frivolous filings received from Steven Nelson, and also stated that when Steven Nelson gave the IRS a disc supposedly containing his tax returns, it contained the same voluminous and frivolous material. Griff Anderson's testimony was sufficient to establish that Steven Nelson misrepresented what was on the disc in an effort to delay the investigation into his taxes.

Similarly, IRS Agent O'Brien and case agent Leslie Anderson both testified about the frivolous filings Steven Nelson mailed to the IRS. The testimony indicated that such voluminous and frivolous filings were designed to overwhelm the IRS and thereby delay any investigation into nonpayment of taxes. That testimony is sufficient to support the jury's finding that Steven Nelson acted corruptly when he mailed the second and third sets of frivolous material to the IRS. The corrupt intent is also consistent with the nature of the documents and the sheer volume of pages filed. The jury was free to believe the testimony of O'Brien and Leslie Anderson and to find that Steven Nelson intended to secure an unlawful advantage or benefit by delaying an IRS investigation into his tax liability. Steven Nelson's motion for judgement of acquittal is denied.

### B.      Second Motion

The United States moves to strike Steven Nelson's pro se Rule 29(c) motion because Steven Nelson is represented by counsel.[4] 13-40033 Docket 100; 13-40073 Docket 142. A defendant does not have a right to "simultaneously proceed pro se and with the benefit of counsel." *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994). Thus, " '[a] district court has no obligation to entertain pro se motions filed by a represented party[.]' " *United States v. Pate*, 754 F.3d 550, 553 (8th Cir. 2014) (first alteration in original) (quoting *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001)). Although the court has the discretion to strike Steven Nelson's pro se filing, it declines to do so and denies the motion to strike the pro se filing from the record.

After reviewing Steven Nelson's pro se Rule 29(c) motion, the motion establishes no grounds justifying acquittal. The motion argues that the government's proof was speculative and insufficient. But Steven Nelson's characterization of the evidence is selective and one-sided and ignores much of the strengths of the government's case. For the reasons discussed above with

---

[4] Steven Nelson argues that he terminated his counsel prior to filing his pro se motion. 13-40033 Docket 105; 14-40073 Docket 147. As the court stated at the hearing on June 8, 2015, the termination of court-appointed counsel is a decision made by the court, not by Steven Nelson. Steven Nelson's counsel was terminated on June 8, 2015, by the court's order, which order also appointed new counsel for Steven Nelson. 13-40033 Docket 108; 13-40073 Docket 150. Thus, Steven Nelson has been represented by court-appointed counsel throughout these proceedings and has never represented himself pro se.

respect to Steven Nelson's first Rule 29(c) motion,[5] the government introduced sufficient evidence for the jury to find Steven Nelson guilty on all counts.

Steven Nelson also argues that the testimony of an uncalled witness would have led to his acquittal. But Steven Nelson's assertions about how that witness would have testified are entirely speculative. Also, accepting the testimony of that uncalled witness over the testimony of witnesses who did testify would require the court to weigh and compare the credibility of those witnesses, which the court cannot do. *See United States v. Ireland*, 62 F.3d 227, 230 (8th Cir. 1995) (noting that it is the jury's function to judge the credibility of witnesses and resolve contradictions in the evidence). A motion for judgment of acquittal is not the proper means to pursue an ineffective assistance of counsel claim. Steven Nelson's second motion for judgment of acquittal is denied.

## II.  Quash Indictments

Following his conviction, Theodore Nelson filed a document entitled "PETITION (MOTION) TO QUASH INDICTMENTS/JURY VERDICT NOT WITH STANDING [sic] (Habeas Corpus)." 13-CR-40034 Docket 81; 13-CR-40073 Docket 155. Although Theodore Nelson requests that the indictments and jury verdicts be quashed and also requests habeas relief, the document itself is actually another reiteration of frivolous tax protestor arguments.

---

[5] Steven Nelson's second motion for judgment of acquittal contains several pages that mirror the arguments made in the first motion. Although some of the language has been changed, the substantive arguments are identical.

The arguments about a territorial application of federal income tax laws and multiple definitions of "United States" have no basis in law and have been consistently rejected as frivolous in this and other circuits. *See, e.g., Denison v. Comm'r*, 751 F.2d 241, 242 (8th Cir. 1984) (quoting *Granzow v. Comm'r*, 739 F.2d 265, 269-70 (7th Cir. 1984)) ("[W]e can no longer tolerate abuse of the judicial review process by irresponsible taxpayers who press stale and frivolous arguments, without hope of success on the merits, in order to delay or harass the collection of public revenues or for other nonworthy purposes."). Similarly, Theodore Nelson's argument about a " '1040' kind of tax" as undefined is frivolous. The reference to the individual income tax, which is a duly enacted and enforceable tax, is unambiguously clear. *See, e.g., Marranca v. United States Internal Revenue Service*, 2009 WL 909642 at *7 (W.D.N.Y. Mar. 31, 2009) ("This argument is disingenuous, at best."). Theodore Nelson does not advance any nonfrivolous arguments that the indictments are insufficient or flawed or that the jury's verdicts should otherwise be set aside. Therefore, Theodore Nelson's motion is denied.

## CONCLUSION

Sufficient evidence supports the jury verdicts in this case. Therefore, Steven Nelson's motions for a judgment of acquittal are denied. Theodore Nelson's document only presents frivolous arguments. Accordingly, it is

ORDERED that Steven Nelson's first motion for a judgment of acquittal (13-CR-40033 Docket 95; 13-CR-40073 Docket 137) is denied.

IT IS FURTHER ORDERED that Steven Nelson's second motion for a judgment of acquittal (13-40033 Docket 97; 13-40073 Docket 139) is denied.

IT IS FURTHER ORDERED that the motion to strike by the United States (13-40033 Docket 100; 13-40073 Docket 142) is denied.

IT IS FURTHER ORDERED that Theodore Nelson's "PETITION (MOTION) TO QUASH INDICTMENTS/JURY VERDICT NOT WITH STANDING [sic] (Habeas Corpus)" (13-CR-40034 Docket 81; 13-CR-40073 Docket 155) is denied.

Dated July 22, 2015.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE